IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
BEAUMONT DIVISION

| | |
|---|---|
| CHARLOTTE DAVIS § | |
| § | |
| VS. § | |
| § | |
| JEFFERSON COUNTY FARM BUREAU, § | |
| TEXAS FARM BUREAU INSURANCE § | CIVIL ACTION NO. _____ |
| COMPANY, TEXAS FARM BUREAU § | |
| CASUALTY INSURANCE COMPANY, § | |
| FARM BUREAU COUNTY MUTUAL § | |
| INSURANCE COMPANY OF TEXAS, AND § | |
| TEXAS FARM BUREAU MUTUAL § | |
| INSURANCE COMPANY § | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

TO THE HONORABLE JUDGE OF SAID COURT:

NOW COMES CHARLOTTE DAVIS ("DAVIS"), hereinafter called Plaintiff, complaining of and about JEFFERSON COUNTY FARM BUREAU, TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, TEXAS FARM BUREAU CASUALTY INSURANCE COMPANY, FARM BUREAU COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, and TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY ("FARM BUREAU"), hereinafter called Defendant, and for cause of action shows unto the Court the following:

Parties and Service

1.   Plaintiff CHARLOTTE DAVIS, brings this action and resides at 385 Georgetown, Beaumont, TX 77707.

2.     Defendant, JEFFERSON COUNTY FARM BUREAU, is a local "County Farm Bureau" organization and/or association and/or other type of entity that has its offices at 7495 Fannett Road, Beaumont, Texas.  Defendant has no designated agent in Texas on whom service of citation may be made in this cause.  The causes of action arose or are connected with purposeful acts committed by Defendant.  Accordingly, Defendant may be served with process by serving the President of its Board of Directors, John Gaulding, at 7495 Fannett Road, Beaumont, TX 77705.

Defendant, TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, is a "State Farm Bureau" organization and/or association and/or other type of entity that has its offices at 7495 Fannett Road, Beaumont, Texas.  Defendant has no designated agent in Texas on whom service of citation may be made in this cause.  The causes of action arose or are connected with purposeful acts committed by Defendant.  Accordingly, Defendant may be served with process by serving its Executive Director Sid Cook, at 7420 Fish Pond Road, Waco TX, 76710.

Defendant, TEXAS FARM BUREAU CASUALTY INSURANCE COMPANY, is a domestic insurance company engaged in the business of insurance in Texas, and may be served with process by serving the Texas Commissioner of Insurance, Chief Clerk Office, at 333 Guadalupe, MC 113-2A, P.O. Box 149104, Austin, TX 78714-9104.

Defendant, FARM BUREAU COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, is a domestic insurance company engaged in the business of insurance in Texas, and may be served with process by serving the Texas Commissioner of Insurance, Chief Clerk Office at 333 Guadalupe, MC 113-2A, P.O. Box 149104, Austin, TX 78714-9104.

Defendant TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY is a domestic insurance company engaged in the business of insurance in Texas, and may be served with process by serving the Texas Commissioner of Insurance at 333 Guadalupe, MC 113-2A, P. O. Box 149104, Austin, TX  78714-9104.

### Jurisdiction

3.     The action arises under various federal statutes as hereinafter more fully appears.

4.     This Court has supplemental jurisdiction over state law claims discussed below under 28 U.S.C. Section 1367(a) because they arise out of the same case or controversy.

### Nature of Action

5.     This is an action under Title 42 U.S.C. Section 2000e et. Seq. as amended by the Civil Rights Act of 1991 to correct unlawful employment practices on the basis of sex.

### Conditions Precedent

6.     All conditions precedent to jurisdiction have occurred or been complied with:  a charge of discrimination was filed with the Equal Employment Opportunity Commission within three-hundred days of the acts complained of herein, and Plaintiff's Complaint is filed within ninety days of Plaintiff's receipt of the Equal Employment Opportunity Commission's issuance of a right to sue letter.

### Facts

7.     Plaintiff DAVIS was hired by FARM BUREAU at the Jefferson County Farm Bureau in June of 2004 as an insurance agent, representing the FARM BUREAU's various insurance entities.  Approximately six months after her employment began, DAVIS was subjected to constant and consistent sexual harassment by various male co-workers, managers, and company officials.  These unlawful acts took place at the office, in the field,

on sales calls, at company functions, and at national conferences. The unlawful acts included statements of a sexual nature by my manager Cody Woodall. Vice President of Sales, Chris Whitney, told DAVIS that if she wanted a manager's position, she had to "play along." On numerous occasions DAVIS was subjected to unwanted and unwelcome touching of her breasts and bottom. The conduct was reported to her District Manager, John Sharp, who informed DAVIS that "Boys will be boys" and took no action to investigate or stop the unlawful acts. The unlawful acts were incorporated into, and an integral part of the FARM BUREAU culture. Finally, in October of 2017, DAVIS could no longer tolerate the continued, constant and unrelenting harassment and, as a result, resigned, which was tantamount to constructive discharge.

<u>Sex Discrimination</u>

8. Defendant FARM BUREAU engaged in unlawful employment practices involving Plaintiff because she is a female as described, but not limited to, the factual allegations contained in paragraph 7, which are incorporated herein by reference as if set out fully.

9. Defendant FARM BUREAU discriminated against Plaintiff in connection with the compensation, terms, conditions and privileges of employment in violation of 42 U.S.C. Section 2000e-(2)(a) as described, but not limited to, the factual allegations contained in paragraph 7, which are incorporated herein by reference as if set out fully. The effect of these practices has been to deprive Plaintiff of equal employment opportunities and otherwise adversely affect her status as an employee because of her sex.

10. Plaintiff alleges that Defendant FARM BUREAU discriminated against Plaintiff on the basis of sex with malice or with reckless indifference to the protected rights of Plaintiff.

## Constructive Discharge

11.   FARM BUREAU made the working conditions so intolerable that Plaintiff felt compelled to resign her position.  A reasonable person in the same position would have also felt compelled to resign.  Plaintiff suffered damages for which Plaintiff herein sues.

## Damages

12.   Plaintiff sustained the following damages as a result of the actions and/or omissions of Defendant described hereinabove:

   a.   Loss of her career;

   b.   All reasonable and necessary Attorney's fees incurred by or on behalf of Plaintiff;

   c.   Back pay from the date that Plaintiff was denied equal pay for equal work and interest on the back pay in an amount to compensate Plaintiff as the Court deems equitable and just;

   d.   All reasonable and necessary costs incurred in pursuit of this suit;

   e.   Emotional pain;

   f.   Expert fees as the Court deems appropriate;

   g.   Front pay in an amount the Court deems equitable and just to make Plaintiff whole;

   h.   Mental anguish in the past;

   i.   Mental anguish in the future; and

   j.   Loss of benefits.

Exemplary Damages

13. Plaintiff would further show that the acts and omissions of Defendant complained of herein were committed with malice or reckless indifference to the protected rights of the Plaintiff. In order to punish said Defendant for engaging in unlawful business practices and to deter such actions and/or omissions in the future, Plaintiff also seeks recovery from Defendant for exemplary damages.

Jury Demand

15. Plaintiff respectfully demands a trial by jury.

Prayer

WHEREFORE, PREMISES CONSIDERED, Plaintiff, CHARLOTTE DAVIS, respectfully prays that Defendants, JEFFERSON COUNTY FARM BUREAU, TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, TEXAS FARM BUREAU CASUALTY INSURANCE COMPANY, FARM BUREAU COUNTY MUTUAL INSURANCE COMPANY OF TEXAS, and TEXAS FARM BUREAU MUTUAL INSURANCE COMPANY, be cited to appear and answer herein and that, upon a final hearing of the cause, judgment be entered for the Plaintiff against Defendants for damages in an amount within the jurisdictional limits

of the Court; exemplary damages, together with interest as allowed by law; costs of court; and such other and further relief to which the Plaintiff may be entitled at law or in equity.

        Respectfully submitted,

        ROEBUCK THOMAS ROEBUCK & ADAMS
        476 Oakland
        Beaumont, TX  77701
        phone 409/892-8227
        fax 409/892-8318


        by: */s/ Thomas P. Roebuck, Jr.*
          Thomas P. Roebuck, Jr.
          State Bar No. 17156500
          tom@roebuckthomas.com
        LEAD ATTORNEY FOR PLAINTIFF
        CHARLOTTE DAVIS